UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| | | | |
|---|---|---|---|
| Case No. | 2:26-cv-00580-CAS-MAAx | Date | April 2, 2026 |
| Title | Fashion Nova et al. v. Sentry Insurance Company et al. | | |

Present: The Honorable     CHRISTINA A. SNYDER

| | | |
|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:**     (IN CHAMBERS) - SENTRY INSURANCE COMPANY AND SENTRY CASUALTY COMPANY'S RULE 12(B)(6) MOTION TO DISMISS THE COMPLAINT (Dkt. 19, filed on March 6, 2026)

## I.     INTRODUCTION

The Court finds that this matter may be appropriately decided without oral argument. Fed. R. Civ. P. 78; L.R. 7-15.

On January 20, 2026, plaintiffs Fashion Nova, LLC and FN Logistics, LLC (collectively, "Fashion Nova") filed this action against defendants Sentry Insurance Company ("SIC") and Sentry Casualty Company ("SCC") (collectively, "Sentry"). Plaintiffs assert four claims for relief against both defendants: (1) declaratory judgment; (2) breach of contract; (3) breach of the implied covenant of good faith and fair dealing; and (4) violation of California Business and Professions Code § 17200 et seq., on behalf of a class. Dkt. 1 ("Compl.").

On March 6, 2026, defendants filed the instant motion to dismiss plaintiffs' complaint. Dkt. 19 ("Mot."). On March 16, 2026, plaintiffs filed an opposition. Dkt. 21 ("Opp."). On March 23, 2026, defendants filed a reply. Dkt. 22 ("Reply").

Having carefully considered the parties' arguments and submissions, the Court finds and concludes as follows.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**                    **'O'**

| Case No. | 2:26-cv-00580-CAS-MAAx | Date | April 2, 2026 |
|---|---|---|---|
| Title | Fashion Nova et al. v. Sentry Insurance Company et al. | | |

## II.    BACKGROUND

Plaintiffs allege the following in their complaint.

### A.    The Parties

Plaintiff Fashion Nova, LLC is a California limited liability company with its principal place of business in Beverly Hills, California.  Compl. ¶ 22.

Plaintiff Fashion Nova, LLC's sole member is Fashion Nova Holdings, LLC, a Delaware limited liability company, with its principal place of business in California. Fashion Nova Holdings, LLC's two members are: (1) Nova Fashion, Inc., a California corporation with its principal place of business in Beverly Hills, California; and (2) FNL, Inc., a Delaware corporation with its principal place of business in Beverly Hills, California.  Id. ¶ 23.

Plaintiff FN Logistics, LLC is a Delaware limited liability company with its principal place of business in Santa Fe Springs, California.  Plaintiff FN Logistics, LLC's sole member is Fashion Nova Holdings, LLC.  Id. ¶ 24.

Defendant Sentry Insurance Company is a Wisconsin corporation with its principal place of business in Stevens Point, Wisconsin.  Defendant Sentry Insurance Company conducts business in California, including by issuing insurance policies in California that provide coverage to insureds for risks situated in California, including the Policies and the Side Agreements issued to Fashion Nova that are the subject of this action.  Id. ¶ 25.

Defendant Sentry Casualty Company is a Wisconsin corporation with its principal place of business in Stevens Point, Wisconsin.  Defendant Sentry Casualty Company conducts business in the State of California, including by issuing insurance policies in California that provide coverage to insureds for risks situated in California, including the Policies and the Side Agreements issued to Fashion Nova that are the subject of this action.  Id. ¶ 26.

### B.    Factual Allegations

#### 1.    The Sentry Policies

California law requires all employers to purchase workers' compensation insurance coverage for employees that suffer injuries due to an occupational accident.  Id. ¶ 33.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:26-cv-00580-CAS-MAAx | Date | April 2, 2026 |
|---|---|---|---|
| Title | Fashion Nova et al. v. Sentry Insurance Company et al. | | |

In compliance with California law, and as part of their risk management efforts, Fashion Nova annually purchase workers' compensation and employers' liability insurance to ensure that their employees have adequate coverage for work-related injuries or illnesses (e.g., medical expenses) and to protect against the risk of any personal injury lawsuits arising from work-related injuries or illnesses. Id. ¶ 34.

In exchange for significant premiums which are adjusted depending upon Fashion Nova's claims experience during the relevant Policy Period, Sentry issued insurance policies (the "Policies") providing workers' compensation and employers' liability insurance coverage to Fashion Nova. Id. ¶ 35.

Under Coverage Section 3.A., Part One of the Policies provide "Workers Compensation Insurance" to Fashion Nova under the laws of the State of California.[1] The Policies provide that "[t]his workers compensation insurance applies to bodily injury by accident or disease, including death resulting therefrom." Id. ¶ 36.

The Policies further provide that Sentry will "have the right and duty to defend at our expense any claim, proceeding or suit against you for benefits payable by this insurance." Id. ¶ 37.

The final premiums that Sentry charges for the Policies are "determined after this policy ends by using the actual, not the estimated, premium basis and the proper classifications and rates that lawfully apply to the business and work covered by this policy. If the final premium is more than the premium you paid to us, you must pay us the balance." Id. ¶ 39.

The Policies are subject to a "Large Risk Deductible," pursuant to which Fashion Nova must "reimburse [Sentry] up to the deductible amounts stated in the Schedule at the end of this endorsement for all payments legally required, including allocated loss adjustment expenses which arise out of any claim or suit we defend, where you elect to include such expenses." The "Deductible Amount" is $250,000 per each accident, and "Allocated Loss Adjustment Expenses" are included within the deductible amount.

---

[1] For brevity, Fashion Nova cite and quote from the 2025-2026 Policy issued by Defendant SIC. All the Policies issued by defendants SIC and SCC contain substantially similar terms and conditions. Compl. ¶ 35 n.3.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:26-cv-00580-CAS-MAAx | Date | April 2, 2026 |
|---|---|---|---|
| Title | Fashion Nova et al. v. Sentry Insurance Company et al. | | |

"Allocated Loss Adjustment Expenses" is defined in part as "claims expenses directly allocated by [Sentry] to a particular claim." Id. ¶ 40.

In other words, Fashion Nova are responsible for paying up to $250,000 in defense and indemnity costs per covered claim under the Policies. Allocated Loss Adjustment Expenses include, among other things, defense attorney fees and other related defense expenses, and payment of these expenses by Fashion Nova reduces the $250,000 deductible that must be paid to Sentry. Id. ¶ 41.

The Policies also contain an endorsement titled, "POLICYHOLDER NOTICE YOUR RIGHT TO RATING AND DIVIDEND INFORMATION." This endorsement provides that Fashion Nova are entitled to "receive information" in Sentry's "claim files that affects" Fashion Nova's premiums. This endorsement further provides that, for covered claims, Sentry "will estimate the ultimate cost of unsettled claims for statistical purposes eighteen months after the policy becomes effective and will report those estimates to the Workers' Compensation Insurance Rating Bureau of California (WCIRB) no later than twenty months after the policy becomes effective. The cost of any settled claims will also be reported at that time. At twelve-month intervals thereafter, we will update and report to the WCIRB the estimated cost of any unsettled claims and the actual final cost of any claims settled in the interim. The amounts we report will be used by the WCIRB to compute your experience modification if you are eligible for experience rating." Id. ¶ 42

Pursuant to another endorsement, titled "CALIFORNIA WORKERS' COMPENSATION INSURANCE RATING LAWS," the Policies provide that Sentry's "rates, rating plans, and related information are filed with the insurance commissioner and are open for public inspection." Id. ¶ 43.

In other words, pursuant to the Policies, Sentry provides information to the WCIRB concerning Fashion Nova's actual and expected losses (i.e., claim defense and indemnity costs) and Fashion Nova's payroll. The WCIRB accepts the loss data reported by Sentry and uses that data to calculate Fashion Nova's Experience Modification Factor ("X-Mod"). Id. ¶ 44.

A policyholder's X-Mod substantially affects the cost of its workers' compensation insurance premiums. Higher claim costs and/or more claims results in a higher X-Mod, which results in higher workers' compensation insurance premiums. Id. ¶ 45.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:26-cv-00580-CAS-MAAx | Date | April 2, 2026 |
|---|---|---|---|
| Title | Fashion Nova et al. v. Sentry Insurance Company et al. | | |

Fashion Nova's X-Mod has increased substantially over the course of Sentry's handling of Fashion Nova's workers compensation claims. Id. ¶ 46.

Fashion Nova's X-Mod has increased substantially over the course of the Policy Periods due to Sentry's pattern and practice of mishandling Fashion Nova's workers' compensation claims, including but not limited to: (a) setting unreasonably high "worst case scenario" reserves without adequate investigation or justification; (b) failing to adequately investigate and defend Fashion Nova in workers' compensation claims, including failing to pursue available defenses to claims; and (c) unreasonably and improperly delaying the adjustment and settlement of Fashion Nova's workers' compensation claims. Id. ¶ 47.

2.    The Special Handling Instructions

As part of their issuance of the Policies, Sentry also issued and agreed to Special Handling Instructions ("SHIs"), which establish specific procedures for Sentry's adjustment and handling of Fashion Nova's workers' compensation claims. Id. ¶ 48.

As part of Sentry's duties under the Policies, the SHIs require Sentry to "immediately" communicate changes in reserve amounts to Fashion Nova if the reserve change involves an amount of $20,000 or more. Id. ¶ 49.

The SHIs also require that, as part of Sentry's duties under the Policies, Sentry must consult with Fashion Nova about settlements, providing that: "Consultation is required for all settlement recommendations." Id. ¶ 50.

The SHIs also require that Sentry provide ongoing updates to Fashion Nova concerning Sentry's defense of open workers' compensation claims, providing that: "Notification is required on all on going legal proceedings. Defense strategies should be discussed with the appropriate contact listed below until litigation has been resolved." Id. ¶ 51.

3.    Sentry's Allegedly Unlawful Side Agreements

In their Policies, Sentry represented to Fashion Nova that: "This policy includes at its effective date the Information Page and all endorsements and schedules listed there. It is a contract of insurance between you (the employer named in Item 1 of the Information Page) and us (the insurer named on the Information Page). The only agreements relating

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:26-cv-00580-CAS-MAAx | | Date | April 2, 2026 |
|---|---|---|---|---|
| Title | Fashion Nova et al. v. Sentry Insurance Company et al. | | | |

to this insurance are stated in this policy. The terms of this policy may not be changed or waived except by endorsement issued by us to be part of this policy." Id. ¶ 52.

The foregoing representation in the Sentry Policies is materially false and misleading because the Sentry Policies are not sold on a stand-alone basis and do not ultimately govern all of Fashion Nova's rights and obligations under Sentry's workers' compensation insurance program. Id. ¶ 53. Rather, concurrently with the issuance of the Policies, and as a precondition to obtaining insurance from Sentry, Sentry issued non-negotiable "Casualty Insurance Agreements" (the "Side Agreements") to Fashion Nova, which purport to materially alter the Policies' terms and conditions including, but not limited to, Fashion Nova's rights and obligations under Sentry's workers' compensation insurance program. Id. ¶ 54.

Because the Side Agreements materially alter the Policies, Sentry was required to file the Side Agreements for approval with the WCIRB and the California Department of Insurance. See California Insurance Code § 11658; see also California Code of Regulations, tit. 10 § 2268(b). Sentry was also required to attach the Side Agreements to the Policies. See California Code of Regulations, tit. 10, § 2268(a). Id. ¶ 55. However, Sentry never filed the Side Agreements for approval with the WCIRB or the California Department of Insurance, nor did Sentry attach the Side Agreements to the Policies. Sentry engaged in a pattern and practice of marketing and selling workers' compensation insurance grounded upon terms not approved by the WCIRB or the California Department of Insurance, with the main goal of unjustly enriching themselves at the expense of Fashion Nova and similarly situated employers. Id. ¶ 56.

The Side Agreements contain terms and conditions that purport to materially alter Fashion Nova's rights and obligations under the Policies, including but not limited to: (1) requiring monthly payments by Fashion Nova for all incurred amounts on claims; (2) imposing significant fees on Fashion Nova for Sentry's handling of the claims, including Sentry's review of medical bills in connection with the claims; (3) imposing significant security obligations upon Fashion Nova based upon Sentry's "sole discretion" and unilateral estimates of current and future claims; and (4) imposing draconian and unilateral default provisions on Fashion Nova which, among other things, penalize Fashion Nova in the event they leave Sentry's insurance program. Id. ¶¶ 57-85, 104.

Rather than fairly administer claims under the Policies, Sentry engaged in a pattern and practice of bad faith conduct and breach of their obligations under the Policies in

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:26-cv-00580-CAS-MAAx | Date | April 2, 2026 |
|---|---|---|---|
| Title | Fashion Nova et al. v. Sentry Insurance Company et al. | | |

order to charge Fashion Nova excessive and unnecessary fees and premiums, thereby unjustly enriching Sentry at Fashion Nova's expense. Id. ¶¶ 94-99. Furthermore, the claim files, monthly invoices and related documentation that Sentry provides Fashion Nova with access to omit critical information that is necessary for Fashion Nova to conduct a fulsome analysis of Sentry's handling of all relevant claims. Id. ¶ 100. Sentry's refusal to provide Fashion Nova with access to this information is in breach of Sentry's obligations under the Policies, the SHIs, and California law. Id. ¶ 101.

C.    **Class Action Allegations**

Fashion Nova bring their claim against Sentry for violation of California Business & Professions Code § 17200, et seq. on behalf of themselves and all others similarly situated, pursuant to Rule 23(a), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure. Id. ¶ 86.

Fashion Nova seek to represent the following "Class":

All employers that purchased workers' compensation insurance policies from Sentry from January 9, 2022, to the present time (the "Class Period") in the State of California, the purchase of which was predicated on the condition that the employers accept the terms of Sentry's "Casualty Insurance Agreements," which Sentry failed to file with the WCIRB and the California Department of Insurance and/or failed to attach to the workers' compensation insurance policies.

Id. ¶ 87.

Numerosity: Members of the Class are so numerous that joinder of all members is impracticable. Id. ¶ 89.

Existence and Predominance of Common Questions of Law and Fact: Fashion Nova's claim against Sentry for violation of California Business & Professions Code § 17200, et seq., involves common questions of law and fact that predominate over any questions affecting individual Class members. Id. ¶ 90 (listing several allegedly common legal and factual questions).

Typicality: Fashion Nova's claim against Sentry for violation of California Business & Professions Code § 17200, et seq., is typical of the claims of the putative

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**                    **'O'**

| Case No. | 2:26-cv-00580-CAS-MAAx | Date | April 2, 2026 |
|----------|------------------------|------|---------------|
| Title | Fashion Nova et al. v. Sentry Insurance Company et al. | | |

Class members because, inter alia, all Class members were injured through Sentry's common unlawful, unfair and/or fraudulent conduct alleged herein. Id. ¶ 91.

Adequacy of Representation: Fashion Nova will fairly and adequately protect the interests of the Class members. Fashion Nova have retained counsel experienced in complex insurance and class action litigation and intend to prosecute this action and their claim against Sentry for violation of California Business & Professions Code § 17200, et seq. Fashion Nova have no adverse interests to those of the Class members. Id. ¶ 92.

Superiority: A class action is superior to other available methods for the fair and efficient adjudication of this claim. The expense and burden of individual litigation would make it impracticable for the Class members to prosecute their claims individually. Id. ¶ 93.

## III.    LEGAL STANDARD

A motion pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in a complaint. Under this Rule, a district court properly dismisses a claim if "there is a 'lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.'" Conservation Force v. Salazar, 646 F.3d 1240, 1242 (9th Cir. 2011) (quoting Balisteri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[F]actual allegations must be enough to raise a right to relief above the speculative level." Id.

In considering a motion pursuant to Rule 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them. Pareto v. FDIC, 139 F.3d 696, 699 (9th Cir. 1998). The complaint must be read in the light most favorable to the nonmoving party. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001). However, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009); see Moss v. United States Secret Service,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:26-cv-00580-CAS-MAAx | Date | April 2, 2026 |
|---|---|---|---|
| Title | Fashion Nova et al. v. Sentry Insurance Company et al. | | |

572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief."). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679.

Unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials). In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201. In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); see Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

As a general rule, leave to amend a complaint which has been dismissed should be freely granted. Fed. R. Civ. P. 15(a). However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986).

## IV.   DISCUSSION

Defendants move pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss plaintiffs' complaint. Mot. at 13.

### A.   Class Action Claim

Defendants argue that "[t]he Court should dismiss Count IV because, in it, Plaintiffs attempt to assert a class action, yet Plaintiffs have not plausibly pled all of Rule 23's prerequisites for a class action." Id. at 13. They argue that "Plaintiffs do not plausibly allege numerosity" because there are no "factual allegations anywhere in the Complaint supporting the conclusory assertion that there are 'at least one hundred putative Class members' that meet the alleged criteria." Id. at 14.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:26-cv-00580-CAS-MAAx | Date | April 2, 2026 |
|---|---|---|---|
| Title | Fashion Nova et al. v. Sentry Insurance Company et al. | | |

In opposition, plaintiffs argue that they have adequately alleged the "numerosity" of the class, and that even if there were a pleading deficiency, dismissal at this stage would be premature. Opp. at 9-15,

In reply, defendants repeat their arguments. Reply at 15-19.

The Court finds that plaintiffs have adequately alleged a sufficiently numerous class in compliance with Rule 23. The first requirement of Rule 23(a) is that "the class is so numerous that joinder of all members is impracticable." Fed.R.Civ.P. Rule 23(a). "In determining whether under Rule 23(a)(1), joinder of all members is impracticable, courts have held that the plaintiff need not show that it would be impossible to join every class member. Additionally, there is no specific number cut-off, as the specific facts of each case may be examined. Courts have not required evidence of specific class size or identity of class members to satisfy the requirements of Rule 23(a)(1)." Cervantez v. Celestica Corp., 253 F.R.D. 562, 569 (C.D. Cal. 2008) (citations omitted). In their complaint, plaintiffs allege that "it is estimated that there are at least one hundred putative Class members that Sentry issued workers' compensation policies to in the State of California, the sale of which were preconditioned upon Sentry's issuance of the unlawful Side Agreements. Therefore, members of the Class are so numerous that joinder of all members is impracticable." Compl. ¶ 89. At this stage, this allegation is sufficient. See, e.g., Hamilton v. Genesis Logistics, Inc., No. CV 13-01848 DDP VBKX, 2013 WL 3168373, at *2 (C.D. Cal. June 20, 2013) (denying Rule 12(b)(6) motion to dismiss or strike "numerosity" allegations where defendant argued allegations were "based on conclusory assertions rather than foundational facts," but plaintiff had alleged over 100 putative class members, and "Defendant [did] not challenge this figure with any evidence").

Accordingly, the Court **DENIES** defendants' motion to dismiss plaintiffs' class action claim under Cal. Bus. & Prof. Code § 17200.

**B.       Breach of the Implied Covenant of Good Faith and Fair Dealing**

Defendants argue that because "Plaintiffs never allege that Sentry's purported withholding of any benefit was either unreasonable or without cause," they fail "to properly plead both elements of the test for breach of the implied covenant": that "(1) benefits due under the policy were withheld; and (2) the reason for withholding benefits was unreasonable or without proper cause." Mot. at 16.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:26-cv-00580-CAS-MAAx | Date | April 2, 2026 |
|---|---|---|---|
| Title | Fashion Nova et al. v. Sentry Insurance Company et al. | | |

In opposition, plaintiffs argue that they adequately allege a claim for breach of the implied covenant of good faith and fair dealing because they have "pleaded a broad range of pattern and practice misconduct, alleging that Defendants favored their own financial interests above that of their insured, based on the numerous financial benefits afforded to Defendants under the unlawful and unfiled Side Agreements." Opp. at 16-17 (citing cases).

In reply, defendants argue that plaintiffs fail to allege that defendants' withholding of plaintiffs' benefits under the insurance policies was unreasonable or without proper cause. Reply at 11.

"[A] claim for breach of the implied covenant of good faith and fair dealing [must] 'go beyond the statement of a mere contract breach' and not 'rel[y] on the same alleged acts [or] simply seek the same damages or other relief already claimed in a companion contract cause of action.'" Env't Furniture, Inc. v. Bina, 2010 WL 5060381, at *3 (C.D. Cal. Dec. 6, 2010) (quoting Careau & Co. v. Sec. Pac., 222 Cal.App.3d 1371, 1395 (1990)). "In fact, plaintiffs must plead facts showing bad faith and demonstrating 'a failure or refusal to discharge contractual responsibilities, prompted not by an honest mistake, bad judgment or negligence, but rather by a conscious and deliberate act.'" Id. In the insurance context, "[u]nder California law, to establish a breach of the implied covenant of good faith and fair dealing, 'a plaintiff must show: (1) benefits due under the policy were withheld; and (2) the reason for withholding benefits was unreasonable or without proper cause.'" Pyramid Techs., Inc. v. Hartford Cas. Ins. Co., 752 F.3d 807, 823 (9th Cir. 2014) (citations omitted).

The Court finds that plaintiffs sufficiently allege a claim for breach of the implied covenant of good faith and fair dealing against defendants. First, plaintiffs allege that defendants withheld benefits due under the insurance policies by unlawfully issuing and imposing the Side Agreements on plaintiffs. See Compl. ¶¶ 135, 136, 18, 137, 139. Second, plaintiffs allege that defendants "engaged in a pattern and practice of mishandling workers' compensation claims and ha[ve] committed the acts alleged above deliberately and with conscious disregard for Fashion Nova's rights, with the goal of unjustly enriching themselves at Fashion Nova's expense." Id. ¶ 141. Such allegations, among others, adequately state a claim for breach of the implied covenant of good faith and fair dealing. See Pyramid Techs., Inc. v. Hartford Cas. Ins. Co., 752 F.3d 807, 823 (9th Cir. 2014) (citations omitted). See also Skye Bioscience, Inc. v. PartnerRe Ireland

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:26-cv-00580-CAS-MAAx | Date | April 2, 2026 |
|----------|------------------------|------|---------------|
| Title | Fashion Nova et al. v. Sentry Insurance Company et al. | | |

Ins. Dac, No. 2:23-CV-01218-CAS (AFMX), 2023 WL 4768734, at *14 (C.D. Cal. June 20, 2023) (claim for breach of the implied covenant of good faith and fair dealing adequately pled where plaintiff alleged that defendant "refused to reimburse [plaintiff] for defense costs; … failed to inquire into bases that might support coverage; unreasonably failed and refused to honor its representations and promises; unreasonably asserted grounds for denying coverage contrary to the terms of the policy, the law, insurance customs and practice, and the facts; and gave greater consideration to its own interests than it gave to [plaintiff's] interests.").

Accordingly, the Court **DENIES** defendants' motion to dismiss plaintiffs' claim for breach of the implied covenant of good faith and fair dealing.

### C.     Punitive Damages

Defendants argue that "Plaintiffs do not plausibly allege that they are entitled to punitive damages" because a corporate entity cannot commit willful and malicious conduct.  Mot. at 16-17 (citing cases).  They argue that "Plaintiffs never allege that an actual person who is an officer, director, or managing agent of SIC or SCC committed an act of oppression, fraud, or malice."  Id. at 17.  Moreover, defendants argue that "even if Plaintiffs had identified a responsible person, Plaintiffs still fail to state a claim for punitive damages" because they "allege nothing more than impermissible legal conclusions that the Court should disregard."  Id. at 17-19.

In opposition, plaintiff argues that "where, as here, a plaintiff alleges a serious, systematic practice of company-wide wrongdoing that could not have been accomplished by lower-level employees alone, courts have rightfully inferred authorization and ratification at the pleading stage."  Opp. at 19 (citing cases).

In reply, defendants repeat their arguments.  Reply at 12-13.

Although federal courts apply California substantive law to claims for punitive damages under Cal. Civ. Code § 3294, the sufficiency of a plaintiff's pleading is governed by the Federal Rules of Civil Procedure and federal law interpreting those rules.  See Rees v. PNC Bank, N.A., 308 F.R.D. 266, 273 (N.D. Cal. 2015). "California's heightened pleading requirements for punitive damages conflict with, and are overruled in federal court by, Federal Rules of Civil Procedure 8 and 9, the rules governing federal pleading standards."  Alejandro v. ST Micro Elecs., Inc., 129 F. Supp. 3d 898, 917–18 (N.D. Cal.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:26-cv-00580-CAS-MAAx | Date | April 2, 2026 |
|---|---|---|---|
| Title | Fashion Nova et al. v. Sentry Insurance Company et al. | | |

2015) (internal citation omitted).[2] To state a claim for punitive damages against a corporate employer based on the acts of its employees, a plaintiff must allege "the advance knowledge and conscious disregard, authorization, ratification or act of oppression, fraud, or malice … on the part of an officer, director, or managing agent of the corporation." Cal. Civ. Code § 3294(b).

Because "a company simply cannot commit willful and malicious conduct—only an individual can," some courts have required the plaintiff to specifically allege that an officer, director, or managing agent of a company ratified an act of oppression, fraud, or malice. See, e.g., Robinson v. J.M. Smucker Co., No. 18-CV-04654-HSG, 2019 WL 2029069, at *6 (N.D. Cal. May 8, 2019). See also Taiwan Semiconductor Mfg. Co. v. Tela Innovations, Inc., No. 14-CV-00362-BLF, 2014 WL 3705350, at *6 (N.D. Cal. July 24, 2014) ("Plaintiff's failure [] to include the names or titles of *any* individual actor is a fatal defect to its pleading of 'willful and malicious' conduct."). However, other courts have held that a plaintiff "may meet the standard for pleading punitive damages against corporate employers by showing that the harm alleged could not have occurred in the absence of authorization or ratification by corporate employer." Anaya v. Machs. de Triage et Broyage, No. 18-cv-01731-DMR, 2019 WL 359421 at *5 (N.D. Cal. Jan. 29, 2019). See also Pa. Transformer Tech., Inc. v. Charter Oak Fire, No. 3:22-cv-00611-JAH-AHG, 2023 WL 2415163 at *4 (S.D. Cal. Mar. 8, 2023) (holding that "non-specific allegation[s] of ratification" are sufficient at the pleading stage); Shaterian v. Wells Fargo Bank, N.A., 829 F. Supp. 2d 873, 889 (N.D. Cal. 2011) (denying motion to strike allegations directed to punitive damages where plaintiff alleged "certain facts suggesting" that the corporate employer "authorized or ratified" the wrongful conduct); Bickerstaff v. Amazon.com Servs. LLC, No. 23-CV-2075-RSH-JLB, 2024 WL 4994344, at *6 (S.D.

---

[2] The Court notes that the Ninth Circuit has not extended the Twombly and Iqbal standard to punitive damages allegations. Accordingly, plaintiffs "need not plead 'any particularity in connection with an averment of intent, knowledge or condition of the mind.'" Rees, 308 F.R.D. at 273 (quoting In re GlenFed Sec. Litig., 42 F.3d 1541, 1547 (9th Cir. 1994) (en banc)); see also Fed. Rule. Civ. P. 9(b) ("malice, intent, knowledge, and other conditions of the mind may be alleged generally"). See also Inchauspe v. Scan Health Plan, No. 2:17–CV–06011–CAS (JCX), 2018 WL 566790, at *10 (C.D. Cal. Jan. 23, 2018).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:26-cv-00580-CAS-MAAx | Date | April 2, 2026 |
|----------|------------------------|------|---------------|
| Title | Fashion Nova et al. v. Sentry Insurance Company et al. | | |

Cal. Dec. 5, 2024) ("Defendant's argument that Plaintiff must specifically identify an officer, director, or managing agent in its [complaint] is unpersuasive.").

Here, plaintiff alleges that "Sentry's conduct is despicable and was undertaken with oppression, fraud, and malice within the meaning of California Civil Code § 3294, entitling Fashion Nova to recover punitive damages in an amount sufficient to punish and deter similar conduct." Compl. ¶ 143. The Court finds that this allegation, considered alongside others in the complaint, sufficiently states a claim for punitive damages against Sentry because it permits the Court to infer that Sentry's alleged mishandling of plaintiff's workers' compensation claims in bad faith "could not have occurred in the absence of authorization or ratification" by an officer, director, or managing agent of Sentry. See Anaya, 2019 WL 359421 at *5. See also Crowder v. Shade Store, LLC, No. 23-CV-02331-NC, 2024 WL 4868313, at *10 (N.D. Cal. June 26, 2024) ("Based on [p]laintiffs' factual allegations, the only plausible conclusion is that an officer, director, or managing agent of [defendant] authorized, or at the least had knowledge or conscious disregard of, [d]efendant's false and misleading pricing practices.").

The Court takes no position on whether plaintiff will ultimately be able to substantiate its claims for punitive damages at a later stage. See Panoyan v. Regalo Int'l LLC, No. CV 19-07469 PA (SKx), 2019 WL 8758897, at *4 (C.D. Cal. Oct. 25, 2019) ("If Plaintiffs are unable to support their allegations with probative evidence, their punitive damages claim may later fail either on a motion for summary judgment or at trial.")

Accordingly, the Court **DENIES** defendants' motion to dismiss plaintiffs' claim for punitive damages with respect to plaintiffs' third claim for relief.

### D.    Shotgun Pleading

Defendants also argue that the entire complaint should be dismissed because plaintiffs have engaged in "shotgun pleading" in which "Plaintiffs begin by restating and incorporating every single preceding paragraph in the entire Complaint" and "impermissibly lump together SIC and SCC and do not specify what SIC and SCC allegedly did, whether individually or collectively." Mot. at 20-21. Defendants argue that "[t]his is particularly problematic because SIC and SCC issued policies to Plaintiffs in different policy periods." Id. at 21.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:26-cv-00580-CAS-MAAx | Date | April 2, 2026 |
|---|---|---|---|
| Title | Fashion Nova et al. v. Sentry Insurance Company et al. | | |

In opposition, plaintiffs argue that their complaint properly "addresses Defendants SIC and SCC collectively as 'Sentry' and[], incorporates by reference the allegations of previous counts in each cause of action." Opp. at 24. They argue that SIC and SCC each has proper notice of the claims against it because Fashion Nova has properly alleged that both SIC and SCC issued the insurance policies at issue, that the policies contain "substantially similar terms and conditions," that SIC and SCC "jointly issued" the Side Agreements at issue, and that those agreements contain "substantially similar terms and conditions." Id. at 24-25.

In reply, defendants repeat their arguments. Reply at 7-9.

"Shotgun pleadings are pleadings that overwhelm defendants with an unclear mass of allegations and make it difficult or impossible for defendants to make informed responses to the plaintiff's allegations." Morris v. Sun Pharma Glob. Inc., No. 20-cv-10441-PAJ (PRx), 2021 WL 3913191, at *3 (C.D. Cal. May 13, 2021) (quoting Sollberger v. Wachovia Securities, LLC, 9-cv-0766, 2010 WL 2674456, at *4 (C.D. Cal. June 30, 2010)). Such pleadings may be dismissed if they "fail to provide the opposing parties and the district court with sufficient notice of the claims and their basis." Gibson v. City of Portland, 165 F.4th 1265, 1290 (9th Cir. 2026).

The Court finds that plaintiffs' complaint adequately put each defendant on notice of the claims asserted against each of them. Plaintiffs allege that both defendants engaged in the same course of misconduct under a set of "substantially similar" insurance policy provisions that the defendants "jointly issued." See compl. ¶¶ 3, 8. Accordingly, plaintiffs have not engaged in impermissible "shotgun pleading." See Horizon Pers. Servs., Inc. v. Hartford Fin. Servs. Grp., Inc., No. 821CV02005JVSKES, 2022 WL 2103013, at *3 (C.D. Cal. Mar. 23, 2022) ("[Plaintiff] has not impermissibly lumped Defendants together, but rather has alleged that [plaintiff] and its related entities engaged in the same course of misconduct under a set of nearly identical policies, thereby committing the same wrongs. This puts Defendants on notice of the claims against them sufficient to satisfy the Rule 8 pleading standard."). Moreover, that the complaint incorporates by prior reference previous allegations in each count does not relieve defendants of their obligation to respond to the clear allegations made against them. See Espinosa v. Bluemercury, Inc., 2017 WL 1079553, at *5 (N.D. Cal. Mar. 22, 2017) ("[A] complaint does not employ impermissible shotgun pleading just because it realleges by reference all of the factual paragraphs preceding the claims for relief."). While plaintiffs'

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:26-cv-00580-CAS-MAAx | Date | April 2, 2026 |
|---|---|---|---|
| Title | Fashion Nova et al. v. Sentry Insurance Company et al. | | |

first three causes of action—which are not asserted on behalf of a class—appear to improperly incorporate plaintiffs' "Class Action Allegations," see compl. ¶¶ 108, 121, 131, the Court nonetheless finds that defendants have not been deprived of proper notice of the claims asserted against them because it is clear that these "Class Action Allegations" pertain only to plaintiffs' fourth claim for relief, captioned "Class Action – By All Plaintiffs Against Defendants SIC and SCC."  Compl. at 41.

### E.     Local Rules

Defendants argue that plaintiffs violated five "individually fairly minor" technical requirements mandated by the Local Rules that "collectively, are notable violations." Mot. at 23.  These include: (1) violation of the notice requirement of Local Rule 23-2.2 (which requires "appropriate allegations thought to justify the action's proceeding as a class action, including . . . the nature of notice to the proposed class required and/or contemplated."); (2) violation of Local Rule 8-1 (which requires "the statutory or other basis for the exercise of jurisdiction by this Court" to "be plainly stated in the first paragraph of" the Complaint); (3) violation of Local Rule 11-3.8 (which requires "each attorney" appearing on the Complaint's title page to include "the telephone number" and "e-mail address" for that attorney, with the "e-mail address" being "placed immediately beneath the name of the attorney."); (4) violation of Local Rule 11-3.9.3 (which requires pincites for citations to caselaw); and (5) violation of Local Rule 11-5.2 (which requires that exhibits to documents like the complaint "be filed as attachments to the document to which they relate").

In opposition, plaintiffs do not contest their alleged failures to comply with the Local Rules; nonetheless, they argue that dismissal is inappropriate.  Opp. at 27-28.

The Court admonishes plaintiffs to comply with the Local Rules in the future. Nonetheless, the Court finds that it is inappropriate to dismiss plaintiffs' complaint for violations of the Local Rules at this stage.

## V.     CONCLUSION

In accordance with the foregoing, the Court **DENIES** defendants' motion to dismiss plaintiffs' class action claim under Cal. Bus. & Prof. Code § 17200.

The Court **DENIES** defendants' motion to dismiss plaintiffs' claim for breach of the implied covenant of good faith and fair dealing.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL                    'O'

| Case No. | 2:26-cv-00580-CAS-MAAx | Date | April 2, 2026 |
|----------|------------------------|------|---------------|
| Title | Fashion Nova et al. v. Sentry Insurance Company et al. | | |

The Court **DENIES** defendants' motion to dismiss plaintiffs' claim for punitive damages with respect to plaintiffs' third claim for relief.

Defendants shall file an answer to plaintiff's complaint within fourteen (14) days of the date of this order.

The Court **VACATES** the hearing scheduled for April 6, 2026.

IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |